UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DR. GIRISH SAHU, MD, | Case No. 14-CV-5107 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| MINNEAPOLIS COMMUNITY AND TECHNICAL COLLEGE; DR. HAFED BOUASSIDA, PhD; DR. JESS LEE NIEBUHR, PhD; and DIANNA CUSICK, | |
| Defendants. | |

---

Dr. Girish Sahu, pro se.

Tamar Gronvall and Kathryn M. Woodruff, MINNESOTA STATE ATTORNEY GENERAL'S OFFICE, for defendants.

Plaintiff Girish Sahu took a screenwriting class from defendant Hafed Bouassida at defendant Minneapolis Community and Technical College ("MCTC"). Bouassida gave Sahu a failing grade for the course, which Sahu thought was unfair, so Sahu filed a federal civil-rights lawsuit against Bouassida, MCTC, and two other employees of MCTC. Sahu's 50-page, 373-paragraph amended complaint (with 380 pages of attachments) includes claims of discrimination on the basis of race, color, and national origin, as well as various state-law claims. Sahu seeks leave to file an 84-page, 561-paragraph second amended complaint that adds multiple defendants and claims.

This matter is before the Court on Sahu's objections to Magistrate Judge Franklin L. Noel's October 8, 2015 Report and Recommendation ("R&R") recommending that defendants' motion to dismiss be granted and that Sahu's motion to deny defendants' motion to dismiss be denied, Judge Noel's October 8, 2015 order denying Sahu's motion for leave to amend his complaint, and Judge Noel's January 8, 2016 order denying Sahu's motion for sanctions.

## I.  BACKGROUND

Notwithstanding the prolixity of Sahu's filings, the facts of this case are straightforward:  (1) Sahu was a student in a screenwriting course taught by Bouassida; (2) Bouassida gave Sahu an "F"; (3) Sahu asked Bouassida to justify the grade; (4) Bouassida responded with an email in which he listed the points that Sahu had received for each of ten assignments and said that Sahu had received a failing grade because he did not earn at least 60 points; (5) in fact, the points listed in Bouassida's email added up to 61.5 points; (6) Bouassida later claimed that he had made two mistakes in his email and that Sahu's correct point total was indeed under 60.  At bottom, Sahu is claiming that Bouassida and others are liable to him because he got an "F" even though he earned at least 60 points.

II. R&R

Judge Noel's R&R recommends granting defendants' motion to dismiss and denying plaintiff's motion to deny defendants' motion to dismiss. The Court has conducted a de novo review of the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R.[1]

The only federal claims contained in Sahu's amended complaint are discrimination claims. At various points, Sahu alleges that he was discriminated against on the basis of his race, color, national origin, religion, and age. (He also alleges that Bouassida was jealous of the fact that Sahu had an M.D., while Bouassida had only a Ph.D.) The Court agrees with Judge Noel that Sahu has failed to plead "enough facts to state a [discrimination] claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Sahu repeatedly alleges that he suffered various forms of discrimination, but the closest he comes to pleading any *fact* in support of those allegations is in ¶ 343, where he says that "[d]espite of [sic] scoring total 62.5 [sic], which is a passing score, Plaintiff received F grade resulting in dismissal from the MCTC while similarly situated white students scoring 60 or above received passing grade and were allowed to continue in the program." (Paragraph 337 includes nearly identical language.)

---

[1]The Court notes that plaintiff no longer pursues his claim under 42 U.S.C. § 1981. ECF No. 48 at 2.

This single fact is not sufficient to make Sahu's discrimination claims plausible. Presumably *every* other student of Bouassida—white and non-white, Asian and non-Asian, young and old, Hindu and non-Hindu—received a passing grade if he or she scored at least 60 points. If (hypothetically speaking) the class had 20 students, and 2 of the students were white and 18 of the students were non-white, and all of the students (save Sahu) received passing grades after scoring at least 60 points, the fact that both of the two "white students scor[ed] 60 or above [and] received passing grade[s]" would do nothing to support Sahu's claim that he was discriminated against because he was Asian.[2] Not surprisingly, then, courts have found similar allegations lacking. *See Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014-15 (8th Cir. 2013); *see also Kajoshaj v. N.Y.C. Dep't of Educ.*, 543 F. App'x 11, 13-16 (2d Cir. 2013); *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010), *aff'd*, 132 S. Ct. 1327 (2012); *J.S. v. Saint Paul Acad. & Summit Sch.*, No. CIV. 11-1537 MJD/TNL, 2012 WL 591623, at *3-4 (D. Minn. Feb. 22, 2012).

---

[2]Even if *all* of the other students were white (which Sahu does not allege), the fact that all students who scored at least 60 points received passing grades except Sahu would not necessarily make his discrimination claim plausible. After all, all of the other students were (presumably) not named "Sahu," and all of the other students were (presumably) not medical doctors, but that would not make plausible a claim that Sahu got an "F" because Bouassida was hostile to people named "Sahu" or to medical doctors.

There are many reasons why Bouassida may have given Sahu a failing grade, despite Sahu's (allegedly) earning at least 60 points.  Bouassida may have just made a mathematical mistake.  Or Bouassida might be incompetent.  Or Bouassida may dislike Sahu's personality.  Or (as Sahu himself has suggested) Bouassida may be jealous of Sahu because Sahu is a "real" doctor with an M.D.  All of this would be unfair, but none of this would violate a federal anti-discrimination law.  To survive a motion to dismiss, Sahu must plausibly allege not just that he was treated unfairly, but that he was treated unfairly *because* of his race (or color, or national origin, or religion, or age).  Save for the allegation about unnamed white students receiving passing grades after scoring at least 60 points, Sahu has not pleaded a single fact to support his claims of discrimination.  (And, as the R&R points out, Sahu's federal claims would fail even if he had sufficiently pleaded discrimination.)

Sahu's objection to the R&R is largely devoted to arguing—over and over and over again—that he should not have received an "F" because he earned 61.5 points, and that, in giving him an "F," Bouassida committed fraud and other state-law torts.  Sahu does not seem to understand that Judge Noel recommended dismissing his state-law claims without prejudice.  Sahu remains free to file his state-law claims in state court.

III.  ORDERS DENYING LEAVE TO AMEND AND SANCTIONS

A magistrate judge's ruling on a nondispositive pretrial matter may be reversed only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Having reviewed Judge Noel's orders denying plaintiff leave to amend his complaint and denying his motion for sanctions, and plaintiff's objections to those orders, the Court sees nothing clearly erroneous or contrary to law.  Judge Noel's orders therefore are affirmed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's objections [ECF Nos. 61, 73] are OVERRULED.  Judge Noel's orders [ECF Nos. 58, 72] are AFFIRMED, and the Court ADOPTS the October 8, 2015 R&R [ECF No. 58].  IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss [ECF No. 12] is GRANTED as follows:

    a. Plaintiff's federal claims (Counts I and II) are DISMISSED WITH PREJUDICE.

    b. Plaintiff's state-law claims (Counts III and IV) are DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's motion to deny defendants' motion to dismiss [ECF No. 41] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 26, 2016

 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge